ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| KAREN FERNÁNDEZ GONZÁLEZ Y OTROS<br><br>Recurrido<br><br>v.<br><br>MAGALI ZAYAS CASTRO<br><br>Peticionaria | **KLCE202400406** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2022CV03246<br><br>Sobre: Daños |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 28 de mayo de 2024.

Comparece ante este foro la Sra. Magali Zayas Castro (señora Zayas o "la peticionaria") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 16 de febrero de 2024. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de desestimación de demanda presentada por la peticionaria.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *certiorari* de epígrafe.

### I.

El 27 de abril de 2022, Karen, Eduardo y Edwin, todos de apellidos Fernández González (en conjunto, "los recurridos"), presentaron una *Demanda* sobre remoción del cargo de albacea y daños contra la señora Zayas.[1] En esencia, los recurridos alegaron que la peticionaria ha incumplido con los deberes que la Ley le impone,

---

[1] *Demanda*, anejo VIII, págs. 28-34 del apéndice del recurso.

provocando una amenaza contra los derechos hereditarios de éstos.

Cabe destacar que, el 1 de junio de 2018, el Sr. Edwin Fernández Cruz otorgó un testamento ológrafo, el cual fue adverado y protocolizado, mediante *Resolución* dictada el 4 de marzo de 2019, en el caso SJ2018CV05325, mediante el cual había designado a la señora Zayas como su albacea testamentaria. Además, instituyó a los recurridos como sus únicos y universales herederos en cuanto a los tercios de legítima estricta y mejora, y la señora Zayas, su viuda, en el tercio de libre disposición, como en la cuota viudal usufructuaria a la que tiene derecho.

En la demanda, los recurridos sostuvieron que la peticionaria ha incumplido con el contrato de préstamo hipotecario sobre un bien inmueble -incluido en el inventario- al dejar de pagar las mensualidades, provocando que le radicaran una demanda en cobro de dinero y ejecución de hipoteca, en el caso SJ2019CV02098. Esbozaron que, intentaron llegar a un acuerdo con el banco, en el cual la peticionaria no estuvo de acuerdo, por lo que, el banco determinó que no había un acuerdo y el proceso de mediación fue concluido. Por consiguiente, arguyeron que la señora Zayas ha ejercido el cargo de albacea en perjuicio de sus derechos, como consecuencia, solicitaron que la peticionaria fuera removida del cargo.

El 17 agosto de 2022, la peticionaria presentó *Contestación a Demanda y Reconvención*.[2] Mediante esta, esbozó que había descontinuado el pago de la hipoteca

---

[2] *Contestación a Demanda y Reconvención*, anejo IX, págs. 35-41 del apéndice del recurso.

debido a la situación económica en la que se encontraba luego del fallecimiento del señor Fernández Cruz, y ante la negativa de los recurridos para modificar la hipoteca. Asimismo, alegó que no se negó a llegar a un acuerdo con el banco, puesto que, la única perjudicada por las acciones y omisiones de los recurridos, es ella. De igual forma, reconoció que hay un exceso de deudas sobre los bienes.

De otra parte, en la reconvención, la peticionaria sostuvo que quienes han obstaculizado y actuado de mala fe son los recurridos, provocando que pueda resolver extrajudicialmente la ejecución de hipoteca, puesto que, constituye su vivienda y residencia principal. Por lo tanto, solicitó que se proceda con la liquidación de la comunidad de bienes, y posteriormente, con la partición y adjudicación de los bienes y deudas en el caudal hereditario.

El 6 de septiembre de 2022, los recurridos presentaron *Contestación a Reconvención*.[3] Mediante la cual, reiteraron que la peticionaria no estuvo de acuerdo con la modificación de la deuda, puesto que, sostenía que los recurridos debían renunciar a la herencia, "toda vez que ella no estaba dispuesta a pagar por una propiedad en la que ella no era la única dueña." Por lo tanto, manifestaron que es debido a las actuaciones de la propia peticionaria que se encuentra en riesgo de perder la propiedad.

El 27 de abril de 2023, la señora Zayas presentó una *Solicitud de Desestimación de Demanda por Ausencia*

---

[3] *Contestación a Reconvención*, anejo X, págs. 42-46 del apéndice del recurso.

*de Justiciabilidad*.[4]  En síntesis, esbozó que los recurridos instaron una demanda reclamando haber sufrido "daños económicos y angustias mentales."  Asimismo, sostuvo que "el Caudal Hereditario está compuesto por bienes con un valor de $163,112.50 y deudas de $290,596.82, con un exceso de deudas por la cantidad de $145,298.41."  Añadió que, los recurridos que no repudiaron la herencia, lo que deben es asumir la porción de deudas en exceso de los bienes del caudal.  Por lo tanto, alegó que los recurridos carecen de legitimación activa, pues no han sufrido un daño y la controversia es abstracta e hipotética.

En desacuerdo, el 19 de mayo de 2023, los recurridos presentaron su oposición a la moción de desestimación.[5] Sostuvieron que, el propósito de la causa de acción era para que se dilucidaran las controversias surgidas a raíz del incumplimiento de la peticionaria con sus obligaciones de albacea.  Entre ellas, alegaron que no tomó las precauciones para conservar y custodiar los bienes, a su vez, no rendir las cuentas trimestrales. Consecuentemente, arguyeron que la conducta negligente de la señora Zayas impide la adjudicación sumaria del pleito, por lo que era necesario un juicio plenario.

El 1 de junio de 2023, la peticionaria presentó una réplica a la oposición.[6]  Mediante esta, expresó que los recurridos aún no han expresado su aceptación o repudiación a la herencia, lo que los convierte en comparecientes sin capacidad jurídica.  Además, que el

---

[4] *Solicitud de Desestimación de Demanda por Ausencia de Justiciabilidad*, anejo XI, págs. 47-55 del apéndice del recurso.
[5] *Oposición a Solicitud de Desestimación de Demanda por Ausencia de Justiciabilidad,* anejo XII, págs. 56-62 del apéndice del recurso.
[6] *Réplica a Oposición a Solicitud de Desestimación de Demanda por Ausencia de Justiciabilidad*, anejo XIII, págs. 63-65 del apéndice del recurso.

único bien existente en el caudal hereditario es la propiedad inmueble, que es su residencia principal, por lo que, no pueden tener posesión del mismo. Finalmente, reiteró que los recurridos no tienen legitimación activa. A su vez, que la controversia no está madura, puesto que, en el caso de ejecución de hipoteca está en pleno trámite judicial sin determinación final.

El 5 de junio de 2023, los recurridos presentaron una dúplica a la réplica de la peticionaria.[7]

El 18 de diciembre de 2023, la señora Zayas presentó *Moción Reiterando Solicitud de Desestimación de Demanda por Falta de Justiciabilidad*.[8] En dicha moción, expresó que el 17 de octubre de 2023, la propiedad inmueble, objeto en controversia, fue tasada siendo su valor de $600,000.00. Sin embargo, alegó que la deuda hipotecaria asciende a $585,453.63, por lo que, representa una deficiencia del valor del inmueble sobre la deuda por $14,546.37, sin añadirle las deudas adicionales. En consecuencia, manifestó que una liquidación de la herencia del causante resultaría a los recurridos en no recibir ninguna participación sobre los bienes, sino en asumir una porción del exceso de las deudas. Por este motivo, reiteró la falta de legitimación activa de los recurridos, como la falta de madurez del pleito.

En desacuerdo, los recurridos presentaron su oposición a la solicitud de desestimación.[9] En esta,

---

[7] *Dúplica a Réplica a Oposición Solicitud de Desestimación de Demanda por Ausencia de Justiciabilidad,* anejo XIV, págs. 66-68 del apéndice del recurso.
[8] *Moción Reiterando Solicitud de Desestimación de Demanda por Falta de Justiciabilidad*, anejo XV, págs. 69-73 del apéndice del recurso.
[9] *Oposición a Solicitud Reiterando Solicitud de Desestimación de Demanda por Falta de Justiciabilidad,* anejo XVI, págs. 74-82 del apéndice del recurso.

arguyeron que, precisamente su argumento es por el mal manejo y negligencia de la peticionaria en su desempeño como albacea. Esbozaron que, la causa de acción no es sólo por la posibilidad de la ejecución del inmueble perteneciente a la sucesión, sino también, por las actuaciones de la albacea en privarlos de sus derechos. "El daño ocasionado por la [peticionaria] hasta el momento es suficiente para requerir una adjudicación. La falta de pago de la hipoteca, la negativa a aceptar la modificación, el no rendir cuentas, forzar a los [recurridos] a renunciar a su herencia, todas actuaciones atribuibles a la [peticionaria], conducen a la inminente ejecución de hipoteca."

El 16 de febrero de 2024, el foro primario notificó una *Resolución*, mediante la cual declaró *No Ha Lugar* a la *Solicitud de Desestimación por Ausencia de Justiciabilidad* presentada por la peticionaria.[10]

En desacuerdo, el 28 de febrero de 2024, la señora Zayas solicitó una reconsideración.[11] Mientras que, el 11 de marzo de 2024, los recurridos presentaron su oposición.[12] Evaluadas las mociones, el 11 de marzo de 2024, el foro primario notificó una *Resolución*, denegando la moción de reconsideración de la peticionaria.[13]

Aun inconforme, el 8 de abril de 2024, la señora Zayas presentó el recurso de *certiorari* que nos ocupa, mediante el cual señaló el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al no Desestimar la Demanda a favor de la Demandada, Sra. Magali Zayas

---

[10] *Resolución*, anejo XVII, págs. 83-84 del apéndice del recurso.
[11] *Moción en Solicitud de Reconsideración de Resolución*, anejo XVIII, págs. 85-90 del apéndice del recurso.
[12] *Oposición a Solicitud de Reconsideración y en Cumplimiento de Orden*, anejo XIX, págs. 91-95 del apéndice del recurso.
[13] *Resolución*, anejo XX, págs. 96-97 del apéndice del recurso.

Castro, ante la clara aplicabilidad de la doctrina de justiciabilidad a los hechos del caso y la jurisprudencia aplicable.

El 18 de abril de 2024 emitimos una *Resolución* mediante la cual le concedimos quince (15) días a la parte recurrida para que se expresara.

El 3 de mayo de 2024, los recurridos presentaron su oposición al recurso de *certiorari*. En esencia, solicitan que se deniegue el recurso de *certiorari*, puesto que, el foro primario no actuó con prejuicio, parcialidad o error craso o manifiesto.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

En lo sustantivo, el *certiorari* es un recurso extraordinario discrecional expedido por un tribunal superior a otro inferior, mediante el cual el primero está facultado para enmendar errores cometidos por el segundo, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley." Véase, Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491; *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917-918 (2008). La expedición del auto descansa en la sana discreción del tribunal. *Medina Nazario v. McNeill Healthcare,* 194 DPR 723, 729 (2016).

Para todo tipo de recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, establece los criterios que este foro

debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**-B-**

Como norma general, los tribunales pueden atender toda controversia que sea traída ante su consideración y que sea justiciable. *Rodríguez v. Overseas Military*, 160 DPR 270, 277 (2003). Si una controversia no es justiciable, quiere decir que el tribunal está impedido de resolverla, por carecer de jurisdicción para ello. Es decir, "[l]a doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando su jurisdicción." *Smyth, Puig v. Oriental Bank*, 170 DPR 73, 75 (2007).

Al asegurarse de que los asuntos que se traigan a su consideración sean justiciables, los tribunales deben evaluar que dichos asuntos: (1) no envuelvan aspectos

relacionados con la política pública que paute el Ejecutivo; (2) las partes tengan capacidad jurídica o legitimación activa para promover el pleito; (3) la controversia no sea académica o consultiva; y (4) la controversia esté madura. *Acevedo Vilá v. Meléndez Ortiz,* 164 DPR 875, 885 (2005). Véase, además, *UPR v. Laborde Torres y otros I*, 180 DPR 253, 280 (2010).

La doctrina de legitimación activa es un instrumento de autolimitación judicial que se origina en la doctrina de la justiciabilidad de las controversias. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 942 (2011); *Co. Ópticos de PR v. Vani Visual Center*, 124 DPR 559, 563 (1989). Según el principio de justiciabilidad, la legitimación activa "es un elemento necesario para la debida adjudicación de los méritos de una controversia." *Nieves Huertas v. ELA I,* 189 DPR 611, 616 (2013); Hernández Torres v. Hernández Colón, 129 DPR 824, 835 (1992).

El propósito de la doctrina de legitimación activa es que los tribunales se cercioren de que en toda acción que se presente ante su consideración, "el reclamante tenga un interés genuino, que va a proseguir su causa de forma vigorosa y que todos los asuntos pertinentes serán colocados ante la consideración del tribunal." *Muns. Aguada y Aguadilla v. JCA*, 190 DPR 122, 132 (2014). Por lo tanto, los tribunales tenemos el deber ineludible de examinar si una parte posee legitimación activa para incoar un procedimiento judicial o solicitar determinado remedio.

Para ello, debemos analizar si la parte que alega tener legitimación activa "sufre o sufrirá un daño causado por la actuación administrativa." *Fund.*

*Surrider y otros v. A.R.Pe*. 178 DPR 563, 579 (2010). El daño tiene que ser claro y específico; no abstracto, hipotético o especulativo. *Íd*. págs. 577-579. Es decir, la parte tiene legitimación activa siempre que demuestre que sufre o sufrirá un efecto adverso sustancial. De esta forma, nos aseguramos de atender controversias que en efecto surgen entre partes opuestas con interés real en obtener un remedio. *Íd*. págs. 579-580.

### III.

Mediante el único señalamiento de error presentado, la señora Zayas alega que el foro primario erró al no desestimar la demanda, bajo la doctrina de justiciabilidad.

No obstante, es preciso recordar que, según dicta la norma, procede nuestra abstención cuando consideremos que no es el momento adecuado para intervenir con el manejo de un caso por parte del foro primario. La *Resolución* por la que la señora Zayas recurre es susceptible de revisión por parte de este foro, con carácter discrecional, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*.

Así las cosas, y a la luz de los criterios dispuestos en nuestra Regla 40, *supra*, rechazamos intervenir en los méritos, para variar la determinación del foro primario. Consideramos que, no está presente ninguno de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, que requieran nuestra intervención con dichas determinaciones. De igual forma, tampoco surge que, de alguna manera, expedir el auto discrecional solicitado evite un fracaso de la justicia.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** el auto discrecional solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones